Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Paul A. Stewart (SBN 153467)
Paul.stewart@knobbe.com
Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Jason A. Champion (SBN 259207)
Jason.champion@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Hans L. Mayer (SBN 291998)
hans.mayer@knobbe.com
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone: (310) 551-3450

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

Gregory L. Doll (SBN 193205)
gdoll@dollamir.com
Jamie O. Kendall (SBN 260231)
jkendall@dollamir.com
DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1850
Los Angeles, California 90067
Tel: 310.557.9100
Fax: 310.557.9101

Attorneys for Defendant
KOMELON USA CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

(EASTERN DIVISION)

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>KOMELON USA CORPORATION a Wisconsin corporation<br><br>Defendant. | Civil Action No. 5:18cv01327<br><br>**JOINT RULE 26(f) REPORT** |

Pursuant to this Court's August 22, 2018 Order Setting Scheduling Conference (Dkt. No. 16), Federal Rule of Civil Procedure 26(f), and Local Rule 26-1, Plaintiff Monster Energy Company ("Monster") and Defendant Komelon USA Corporation ("Komelon"), having conducted a conference of counsel in accordance with Rule 26(f) on September 11, 2018, herby submit the following Joint Report.

A. **Statement of the Case**

   1. **Monster's Statement**

This is an action for trademark infringement, trade dress infringement, and unfair competition filed by Monster against Komelon on June 20, 2018. Monster is the owner of the well-known trademarks MONSTER™ and MONSTER ENERGY®, each of which Monster uses in connection with a distinctive green and black trade dress. Monster began using its MONSTER™ trademark, its MONSTER ENERGY® trademark, and its green and black trade dress in 2002.

Komelon is selling tape measures under the purported trademark MONSTER MAGGRIP, using green and black trade dress that is essentially identical to that of Monster. Komelon's use of a Monster-based trademark and nearly identical trade dress is likely to cause consumers to believe there is some association or affiliation between Komelon or its products and Monster, when in fact there is not. Monster seeks an injunction against further trademark infringement, trade dress infringement, and unfair competition by Komelon.

Komelon has filed a counterclaim for infringement under a theory of "reverse confusion." Komelon alleges that it is the senior user of the MONSTER mark and the green and black trade dress, and that Monster is the infringer. Monster denies these allegations.

   2. **Komelon's Statement**

At least as early as 2002, Komelon adopted the trademark, MONSTER MAGGRIP, in connection with a tape measure having a magnetic end. The mark

was adopted without any knowledge of Plaintiff or its claimed trademark rights. At least as early as 2003, Komelon adopted a green and black color scheme for several of its products. This color scheme was adopted without any knowledge of Plaintiff or its claimed trade dress rights. Komelon's green and black color scheme was well-received by Komelon's customers, and Komelon expanded its use to other products in its line, including in its MONSTER MAGGRIP tape measure product. Komelon has used its MONSTER MAGGRIP trademark and its green and black color scheme substantially continuously since 2005 without any claims of confusion until receipt of a letter from Plaintiff in March of 2018 – a period of approximately 13 years.

In its Complaint in this Action, and in the letters it sent to Komelon, Plaintiff has claimed that there is a likelihood of confusion between Komelon's use of its MONSTER MAGGRIP trademark and black and green color scheme and Monster's claimed trademark and trade dress rights. This constitutes an admission of confusion for purposes of Defendant's counterclaims. If confusion exists with respect to Komelon's MONSTER MAGGRIP usage, then Monster has caused reverse confusion under federal and state law.

**B.     Discovery Plan Required By F.R.C.P. 26(f)**

    **1.     Initial Disclosures**

The parties agree that Initial Disclosures shall be due on October 11, 2018. The parties do not propose any other changes to the timing, form, or requirement for disclosures under F.R.C.P. 26(a).

    **2.     Subject Matter And Completion Of Discovery**

The parties expect that discovery will be necessary regarding the merits of Monster's trademark, trade dress, and unfair competition claims, and the merits of Komelon's affirmative defenses and counterclaims. The parties propose a discovery cut-off date of June 3, 2019. A complete list of all proposed deadlines is set forth in the chart at the end of this Joint Report.

### 3. Discovery Of Electronically Stored Information

The parties have been advised by their counsel to preserve relevant reasonably accessible Electronically Stored Information ("ESI"). The parties also discussed during the Rule 26(f) conference a proposed Electronic Discovery Order for the collection and production of ESI in this case. The parties are in agreement that an Electronic Discovery Order or private stipulation will address the format of all ESI production, including electronic correspondence ("email"). The parties anticipate they will agree to limit the number of custodians, the number of search terms, and the date range, of requested emails and other ESI to be searched, and will work together in good faith toward entering a stipulated Electronic Discovery Order or private stipulation for this case.

### 4. Privilege

The parties agree that privileged documents created after the date of the filing of the Complaint, need not be logged on a privilege log.

The parties acknowledge that regardless of the diligence of any party, an inadvertent production of privileged or attorney work product documents may occur. If a producing party, through inadvertence, produces or provides discovery that it reasonably believes is privileged or otherwise immune from discovery, the producing party may claw back the protected document by making a written request to the receiving party specifically identifying the protected document, including the date, author, addressees, and topic of the document, as well as a brief explanation substantiating the claim of privilege. If these conditions are met, the receiving party shall destroy or return to the producing party such inadvertently produced materials and all copies thereof within five (5) calendar days of receipt of the written request. The inadvertent production of privileged documents does not constitute a waiver of the privilege and the receiving party may not bring a motion to compel based on any alleged waiver caused by the inadvertent production. Return of the materials shall not constitute an admission

or concession, or permit any inference, that the returned materials are, in fact, properly subject to a claim of privilege or immunity from discovery.

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

### 5. Changes To The Discovery Rules

The parties do not propose any changes to the ordinary rules of discovery set forth in the Federal Rules of Civil Procedure or the Local Rules of this Court.

### 6. Other Court Orders

The parties agree that a Protective Order is necessary in this case. The parties will work together in good faith toward entering a stipulated Protective Order for this case.

## C. Additional Information Required By Local Rule 26-1

### 1. Manual For Complex Litigation

The parties do not believe that this matter qualifies as a "complex case" or that any or all of the procedures of the Manual for Complex Litigation are necessary.

### 2. Motion Schedule

The parties propose that all dispositive and partially dispositive motions be filed no later than July 1, 2019. The parties do not yet know what dispositive motions are likely to be filed in this case.

### 3. Alternative Dispute Resolution

The parties select Alternative Dispute Resolution Procedure No. 1 set forth in Local Rule 16-15.4, with the Court to conduct a settlement conference. The parties propose that the conference occur no later than December 15, 2018.

/ / /

/ / /

### 4. Length Of Trial

The parties anticipate that trial in this case will take 4-5 Court days.

### 5. Additional Parties

The parties do not believe that the appearance of additional parties is likely.

### 6. Exchange Of Expert Witness Reports

The parties propose April 15, 2019 as the cut-off date for exchanging expert reports on issues on which the serving party bears the burden of proof. The parties propose May 13, 2019 as the cut-off date for exchanging rebuttal expert reports.

## D. Proposed Schedule

The parties propose the following case schedule. The parties understand that additional deadlines may be set by Local Rule 16 and in the Judges' Procedures section of the Court's webpage.

| Event | Date |
| --- | --- |
| Initial Disclosures | October 11, 2018 |
| Deadline to file motions to amend pleadings | December 10, 2018 |
| Service of opening expert reports | April 15, 2019 |
| Service of rebuttal expert reports | May 13, 2019 |
| Fact & expert discovery cut-off | June 3, 2019 |
| Deadline to file dispositive motions | July 1, 2019 |
| Deadline for mediation | July 29, 2019 |
| Final Pretrial Conference | October 28, 2019 |
| Trial | November 12, 2019 |

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 20, 2018        By: /s/ Paul A. Stewart
    Steven J. Nataupsky
    Paul A. Stewart
    Lynda J. Zadra-Symes
    Jason A. Champion
    Hans L. Mayer

Attorneys for Plaintiff,
MONSTER ENERGY COMPANY

Dated: September 20, 2018        By: /s/ Jamie O. Kendall (*With Permission*)
    Gregory L. Doll
    Jamie O. Kendall

Attorneys for Defendant,
KOMELON USA CORPORATION

29026218